NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CLAUDE GENE MULDROW, | : | |
| | : | Civil Action No. 06-5486 (PGS) |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| EDWARD J. DEFAZIO, et al., | : | |
| | : | |
| Defendants. | : | |

APPEARANCES:

> CLAUDE GENE MULDROW, Plaintiff pro se
> # 1777827
> Hudson County Correctional Center
> B-100 E
> 35 Hackensack Avenue
> South Kearny, New Jersey 07032

SHERIDAN, District Judge

Plaintiff Claude Gene Muldrow ("Muldrow"), currently confined at the Hudson County Correctional Center ("HCCC") in South Kearny, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice at this time.

## I.  BACKGROUND

Muldrow brings his civil rights action against defendants, Edward J. DeFazio, Esq. of the Hudson County Prosecutor's Office, and Sgt. Gillen of the Jersey City Police Department.  It appears that Muldrow is a pretrial detainee currently confined at HCCC.

In his Complaint, Muldrow alleges that defendant, Sgt. Gillen, stopped plaintiff on the street without probable cause and told plaintiff to give information about gang members dealing drugs.  Muldrow claims that Sgt. Gillen searched plaintiff and took money (about $1215.00) from plaintiff's pockets.  Muldrow would not tell Sgt. Gillen anything about gang members so as to protect plaintiff's family.  At that point, plaintiff alleges that Sgt. Gillen forced plaintiff into the police car and took Muldrow to his house, whereupon Sgt. Gillen took plaintiff's keys and entered plaintiff's house without a search warrant. (Complaint, ¶¶ 4c and 6).

Muldrow further complains that defendant DeFazio unlawfully imprisoned plaintiff, took plaintiff's money and refused to

2

return it, saying "You'll have to fight for your money because you're not getting it back."  (Compl., ¶ 4b).

Plaintiff seeks to have returned to him the money seized during the alleged unlawful search and seizure.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

3

need not, however, credit a pro se plaintiff's "bald assertions"

or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis

either in law or in fact." Neitzke v. Williams, 490 U.S. 319,

325 (1989) (interpreting the predecessor of § 1915(e)(2), the

former § 1915(d)).  The standard for evaluating whether a

complaint is "frivolous" is an objective one.  Deutsch v. United

States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a

claim only if it appears "'beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle

him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v.

Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d

371, 373 (3d Cir. 1981).  However, where a complaint can be

remedied by an amendment, a district court may not dismiss the

complaint with prejudice, but must permit the amendment.  Denton

v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d

229 (3d Cir. 2004)(complaint that satisfied notice pleading

requirement that it contain short, plain statement of the claim

but lacked sufficient detail to function as a guide to discovery

was not required to be dismissed for failure to state a claim;

district court should permit a curative amendment before

dismissing a complaint, unless an amendment would be futile or

inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103,

4

108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C.

§ 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir.

2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v.</u>

<u>Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983

alleging violations of his civil rights guaranteed under the

United States Constitution.  Section 1983 provides in relevant

part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48

(1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

IV.   ANALYSIS

## A.   Claim Against Prosecutor DeFazio

Muldrow appears to be asserting a claim of prosecutorial misconduct against Prosecutor Edward J. DeFazio, Esq., with regard to the seizure and forfeiture of plaintiff's money taken during an arrest.   This claim involves actions by a state attorney in prosecuting state criminal proceedings against plaintiff.

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.   Imbler v. Pachtman, 424 U.S. 409, 410 (1976).   See also Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cir. 1992); Schrob v. Catterson, 948 F.2d 1402, 1417 (3d Cir. 1991); Rose v. Bartle, 871 F.2d 331, 345 and n.12 (3d Cir. 1989).   A prosecutor's appearance in court as an advocate in support of the presentation of evidence in a criminal proceeding is protected by absolute immunity.   Burns v. Reed, 500 U.S. 478, 492 (1991).   Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."   Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

6

Prosecutors also are absolutely immune from a civil suit for damages under § 1983 for: (1) instituting grand jury proceedings without proper investigation and without a good faith belief that any wrongdoing occurred, Schrob, 948 F.2d at 1411; Rose v. Bartle, supra; (2) initiating a prosecution without a good faith belief that any wrongdoing has occurred, Kulwicki, 969 F.2d at 1463-64; (3) soliciting false testimony from witnesses in grand jury proceedings, probable cause hearings, and trials, Burns, 500 U.S. at 490; Kulwicki, 969 F.2d at 1467; and (4) the knowing use of perjured testimony in a judicial proceeding, Imbler, 424 U.S. at 424-27; Schrob, 948 F.2d at 1417; Brawer v. Horowitz, 535 F.2d 830 (3d Cir. 1976).

Thus, a prosecutor is absolutely immune when making a decision to prosecute, "even where he acts without a good faith belief that a wrongdoing has occurred." Kulwicki, 969 F.2d at 1463-64; Rose, 871 F.2d at 343. In this regard, a falsely-charged defendant may be "remedied by safeguards built into the judicial system," such as dismissal of the charges. Kulwicki, 969 F.2d at 1464.

Here, Muldrow essentially alleges that the prosecutor initiated state criminal proceedings against him based on false accusations and the confiscation of money from plaintiff at the time of his arrest. There is absolutely nothing to show that the defendant prosecutor was acting outside his official

7

prosecutorial role in pursuing charges against plaintiff.  Thus,
defendant DeFazio is protected by immunity from a damages lawsuit
for conduct during pre-trial and trial proceedings, pursuant to
28 U.S.C. § 1915A(b)(2).

Moreover, any claim that Muldrow may be attempting to assert
with respect to prosecutorial misconduct during his criminal
proceedings must be raised in his pending criminal proceedings in
state court; a federal court generally will not intercede to
consider issues that Muldrow has an opportunity to raise before
the state court.  Younger v. Harris, 401 U.S. 37 (1971).

The United States Court of Appeals for the Third Circuit has
enunciated three requirements that must be met before Younger
abstention may be invoked:

> (1) there are ongoing state proceedings that are
> judicial in nature;  (2) the state proceedings
> implicate important state interests;  and (3) the state
> proceedings afford an adequate opportunity to raise
> federal claims.  Whenever all three of these
> requirements are satisfied, abstention is appropriate
> absent a showing of bad faith prosecution, harassment,
> or a patently unconstitutional rule that will cause
> irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and
New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992)
(citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)).  Here,
Muldrow is admittedly a pretrial detainee in the course of
ongoing state criminal proceedings; thus state proceedings
implicating important state interests are currently in progress

8

and Muldrow has the opportunity to raise his claims regarding the
seizure and forfeiture of his money in that proceeding.   Thus,
this Court is constrained by <u>Younger</u> to dismiss the Complaint
against the state prosecutor defendant.

Further, if Muldrow is eventually convicted of the alleged
charges in his now-pending state criminal trial (or if he has
since been convicted since filing this action), he must first
exhaust his state court remedies by direct appeal or other
available state court review, and then, if appropriate, file a
federal habeas application to assert any violations of federal
constitutional or statutory law, namely, his claims of
prosecutorial misconduct or denial of due process.   <u>Preiser v.</u>
<u>Rodriguez</u>, 411 U.S. 475 (1973).

Therefore, the Complaint will be dismissed in its entirety
as against the prosecutor defendant, Edward J. DeFazio, based on
prosecutorial immunity, and because plaintiff fails to state a
claim at this time.[1]

---

[1]   To the extent that Muldrow is attempting to raise a claim
of malicious prosecution against defendant DeFazio, he fails to
state a claim at this time.   In order to state a <u>prima</u> <u>facie</u> case
for a § 1983 claim of malicious prosecution pursuant to the
Fourth Amendment, a plaintiff must establish the elements of the
common law tort as it has developed over time, <u>Hilfirty v.</u>
<u>Shipman</u>, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been
a seizure, <u>Gallo v. City of Philadelphia</u>, 161 F.3d 217, 222 (3d
Cir. 1998); <u>Luthe v. Cape May</u>, 49 F. Supp.2d 380, 393 (D.N.J.
1999).   Under New Jersey law, the common law tort elements of a
malicious prosecution action arising out of a criminal
prosecution are:   (1) the criminal action was instituted by the
defendant against the plaintiff, (2) it was actuated by malice,

B.  Claim Against Sgt. Gillen

Next, it appears that plaintiff is alleging a claim of unlawful search and seizure, in violation of the Fourth Amendment, against defendant Sgt. Gillen.  Muldrow alleges that he was stopped without probable cause and searched by Sgt. Gillen, and money was taken from plaintiff during the search.

The Fourth Amendment protects individuals against unlawful searches and seizures, providing that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

U.S. Const. Amend. IV.

To establish a claim under the Fourth Amendment, a plaintiff must show that the actions of the defendant: (1) constituted a "search" or "seizure" within the meaning of the Fourth Amendment, and (2) were "unreasonable" in light of the surrounding

---

(3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff.  Lind v. Schmid, 67 N.J. 255, 262 (1975).  A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'"  Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994).  Here, Muldrow cannot proceed with a claim of malicious prosecution because his state court criminal proceedings are ongoing and have not been terminated in his favor.

10

circumstances.  See Brower v. County of Inyo, 489 U.S. 593, 595-
600 (1989)(affirming two-fold analysis).

A seizure of property occurs when there is some meaningful
interference with an individual's possessory interests in that
property.  See Sodal v. Cook County, 506 U.S. 56, 61-65 (1992).
Where the seizure of property is unreasonable, the Fourth
Amendment is implicated.  Id. at 71.  However, the Supreme Court
has held that "[t]he test of reasonableness under the Fourth
Amendment is not capable of precise definition or mechanical
application."  Bell v. Wolfish, 441 U.S. 520, 559 (1979).  The
seizure must be scrutinized for its overall reasonableness under
the circumstances with a careful balancing of governmental and
private interests.  Sodal, 506 U.S. at 71.

Here, the Court must determine whether Muldrow may recover
damages in a § 1983 suit on the basis of an allegedly illegal
search and seizure while his state criminal proceedings
precipitating the subject search and seizure are currently
pending.  The Court first looks to Heck v. Humphrey, 512 U.S. 477
(1994), in which the Supreme Court barred any suit for damages
premised on a civil rights violation if the basis for the suit is
inconsistent with or would undermine the lawfulness of a
conviction or sentence.  The Supreme Court held:

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for
> other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983

11

> plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into
> question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence
> that has not been so invalidated is not cognizable
> under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Supreme Court further

instructed district courts, in determining whether a complaint

states a claim under § 1983, to evaluate whether a favorable

outcome would necessarily imply the invalidity of a criminal

judgment.

> Thus, when a state prisoner seeks damages in a § 1983
> suit, the district court must consider whether a
> judgment in favor of the plaintiff would necessarily
> imply the invalidity of his conviction or sentence; if
> it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.  But if the
> district court determines that the plaintiff's action,
> even if successful, will not demonstrate the invalidity
> of any outstanding criminal judgment against the
> plaintiff, the action should be allowed to proceed, in
> the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that

"a § 1983 cause of action for damages attributable to an

unconstitutional conviction or sentence does not accrue until the

conviction or sentence has been invalidated."  Id. at 489-90.

Specifically addressing, albeit in dicta, whether a § 1983

suit, for damages attributable to an allegedly unreasonable

search, would lie in advance of a judicial determination of the

invalidity of the related conviction, the Supreme Court said,

12

> For example, a suit for damages attributable to an
> allegedly unreasonable search may lie even if the
> challenged search produced evidence that was introduced
> in a state criminal trial resulting in the § 1983
> plaintiff's still-outstanding conviction.  Because of
> doctrines like independent source and inevitable
> discovery, and especially harmless error, such a § 1983
> action, even if successful, would not <u>necessarily</u> imply
> that the plaintiff's conviction was unlawful.  In order
> to recover compensatory damages, however, the § 1983
> plaintiff must prove not only that the search was
> unlawful, but that it caused him actual, compensable
> injury, which, we hold today, does <u>not</u> encompass the
> "injury" of being convicted and imprisoned (until his
> conviction has been overturned).

<u>Heck</u>, 512 U.S. at 487 n.7.

The circuits are split as to the proper interpretation of

footnote seven.  At least three circuits have held that footnote

seven creates a general exception to <u>Heck</u> for Fourth Amendment

unreasonable search and seizure claims.  <u>See</u>, <u>e.g.</u>, <u>Copus v. City

of Edgerton</u>, 151 F.3d 646, 648 (7th Cir. 1998); <u>Simmons v.

O'Brien</u>, 77 F.3d 1093, 1095 (8th Cir. 1996); <u>Datz v. Kilgore</u>, 51

F.3d 252, 253 n.1 (11th Cir. 1995).  Other circuits permit such

claims to go forward only after the district court makes an

individualized determination that a favorable ruling in that case

would not undermine the related criminal conviction or pending

criminal proceedings.  <u>See</u>, <u>e.g.</u>, <u>Ballenger v. Owens</u>, 352 F.3d

842 (4th Cir. 2003); <u>Harvey v. Waldron</u>, 210 F.3d 1008 (9th Cir.

2000); <u>Shamaeizadeh v. Cunigan</u>, 182 F.3d 391 (6th Cir.), <u>cert.

denied</u>, 528 U.S. 1021 (1999); <u>Hudson v. Hughes</u>, 98 F.3d 868, 872

(5th Cir. 1996); <u>Woods v. Candela</u>, 47 F.3d 545, 546 (2d Cir.),

cert. denied, 516 U.S. 808 (1995). Cf. Beck v. City of Muskogee
Police Dept., 195 F.3d 553, 559 n.4 (10th Cir. 1999)(generally
disagreeing with courts that make an individualized
determination, but noting that the case before it was not the
"rare situation ... where all evidence was obtained as a result
of an illegal arrest").

Recently, the Third Circuit concluded that a Fourth
Amendment claim can be brought under § 1983, even without
favorable termination, if the district court determines that
success on the claim would not necessarily imply the invalidity
of the conviction. Gibson v. Superintendent of New Jersey Dept.
of Law and Public Safety, 411 F.3d 427, 435-39 (2005), cert.
denied, 126 S.Ct. 1571 (2006). However, in those cases in which
a district court determines that success on the § 1983 claim
would imply the invalidity of the conviction, the cause of action
is deferred until the conviction is overturned pursuant to Heck.
Id. Adopting a fact-based approach to interpreting footnote
seven of Heck, the Third Circuit stated:

> . . . under Heck, a district court is required only to
> make a threshold determination as to whether a
> plaintiff's § 1983 claim, *if successful*, would have the
> hypothetical effect of rendering the criminal
> conviction or sentence invalid. If this threshold is
> satisfied, the district court's analysis is at an end,
> and the Heck deferred accrual rule is triggered.

Id. at 451.

14

In this case, the question whether Muldrow's claim has accrued is complicated by the fact that the state criminal prosecution is ongoing.  Cf. Smith v. Holt, 87 F.3d 108 (3d Cir. 1996) (claims that would necessarily imply the invalidity of a future conviction that might be entered on a pending criminal charge do not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist), cert. denied, 519 U.S. 1041 (1996); Shamalizadeh, supra (same); Covington v. City of New York, 171 F.3d 117 (2d Cir.) (same), cert. denied, 528 U.S. 946 (1999).  If this unlawful search claim were permitted to proceed at this time, the very real possibility exists that the civil rights action might produce a result at odds with that of the criminal proceeding, the very evil that the Heck rule is intended to avoid.  See Heck, 512 U.S. at 484-85. Thus, to the extent that plaintiff seeks damages related to his criminal prosecution based on a claim of an unlawful search and seizure, it would have the hypothetical effect of rendering his future conviction invalid.  Accordingly, the Heck deferred accrual rule is triggered and this claim must be dismissed without prejudice as premature.

Moreover, to the extent that Muldrow may be asserting that the search was unlawful to bar the seized evidence from use at his criminal trial, he must first raise this defense in his ongoing state criminal proceedings.  As indicated above, Muldrow

apparently has not been convicted of the crimes for which he has been charged.   Thus, his criminal charges remain pending in state court, and he must raise any constitutional challenges asserted here in his criminal case.   A federal court will not intercede to consider issues that plaintiff has an opportunity to raise before the state court.   See Younger v. Harris, 401 U.S. 37 (1971).

In this case, it is clear that state proceedings implicating important state interests are ongoing, and that Muldrow has an opportunity to raise his claims, regarding an unlawful search and the seizure of his money, in a hearing during his state criminal proceedings.   To the extent that plaintiff challenges the seizure and seeks the return of his money, he must make an appropriate application in state court where the seized money was retained. Accordingly, this Court is constrained by Younger to dismiss the Complaint in its entirety, without prejudice, as against the defendant, Sgt. Gillen, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## V.   CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed in its entirety, without prejudice, for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and as against defendant Edward J. DeFazio, Esq., pursuant to 28 U.S.C.

16

§§ 1915(e)(2)(B)(iii) and 1915A(b)(2).  An appropriate order
follows.

PETER G. SHERIDAN
United States District Judge

Dated: 2/9/07

18